Dewey E. HARRISON, Appellant,

v.

Lucille ROBUCK et al., and Kentucky Parole Board, Appellees.

Court of Appeals of Kentucky.

May 3, 1974.

Dewey E. Harrison, pro se.

Ed. W. Hancock, Atty. Gen., Patrick B. Kimberlin, III., Asst. Atty. Gen., Frankfort, for appellees.

REED, Justice.

The appellant, Dewey E. Harrison, instituted a declaratory judgment action in the Franklin Circuit Court against the appellees, Lucille Robuck, Glenn Wade and Carl Ousley, who, at the time, apparently comprised the total membership of the Kentucky Parole Board. The circuit court sustained the appellees' motion to dismiss the action on the basis that it did not state a claim for declaratory relief and for the additional reason that appellant lacked capacity to sue for the ouster of the appellees from office as members of the Parole Board.

On this appeal the appellant states the question presented to be whether the appellees are exempt from judicial review if there is an abuse of discretion on their part where it is alleged they denied him legal or lay representation at a parole hearing and also refused to make a statement of reasons for denying his application for parole.

■ An application for parole by a confined prisoner does not implicate the same considerations as are involved where he has been granted conditional liberty, and a claim that he has violated the conditions of his release from custody is thereafter presented.

■ The determination to extend the rehabilitative measures of supervised parole

from confinement necessitates very wide discretion and is by its nature discriminatory in predicting the individual's abilities, future performance, and the potential danger to society by his release from custody. Consequently we are unwilling to say that a hearing and interview to determine whether a prisoner validly confined by mandate of law should be afforded the special consideration of rehabilitative parole is an adversary hearing in the same sense as would be a hearing to determine whether to change a citizen from a status of liberty to a status of confinement. Therefore, we hold appellant's contention that appellees were guilty of abuse of discretion when they excluded legal or lay representatives from his parole hearing is without merit.

■ We also conclude that whether the Parole Board furnishes an applicant prisoner with a statement of reasons for parole denial is a matter of policy for the Board to determine in its administration of the parole system. We are unwilling to impose more stringent procedural requirements on the Parole Board then are required of analogous administrative agencies.

■ We find that the circuit court correctly disposed of so much of appellant's suit as sought removal of appellees from office. The statutory provisions for the removal from office of a member of the Parole Board under KRS 439.320(4), and the authority of the Attorney General to institute quo warranto proceedings are the legal avenues afforded for removal of these officials. To entertain declaratory judgment actions by disappointed applicant prisoners to remove from office parole board members when their qualifications have been predetermined by the executive appointing authority is, in our view, completely beyond our authority.

The judgment is affirmed.

All concur.