**Karl F. RUDOLPH, Appellant,**

v.

**CORRECTIONS CABINET OF KENTUCKY, George Wilson and Betty Lou Vaughn, Appellees.**

Court of Appeals of Kentucky.

May 2, 1986.

Discretionary Review Denied and Opinion Ordered Published by Supreme Court June 24, 1986.

Karl F. Rudolph, LaGrange, pro se.

Barbara W. Jones, Linda Cooper, David Sexton, Frankfort, for appellees.

Before HAYES, C.J., and CLAYTON and COOPER, JJ.

HAYES, Chief Judge:

The appellant, Karl Rudolph, appeals the dismissal of his declaratory judgment action wherein he had maintained that he was being improperly denied credit for the time he had served on a different charge in Indiana against the Kentucky sentence he was presently serving.

On August 31, 1983, Rudolph was sentenced in Jefferson County, Kentucky, to ten (10) years imprisonment on a plea of guilty to persistent felony offender, first degree. The judgment stated "this will also run concurrent with the time that the defendant is now serving in Indiana, with credit for time served."

The appellant was released on parole by Indiana on January 20, 1984, and he was turned over on that date to the Kentucky authorities to begin serving the sentence received August 31, 1983. The Kentucky Department of Corrections gave Rudolph credit for the time served in Indiana which amounted to 914 days.

What Rudolph is complaining about is that he received a five-year sentence in Indiana and that entire five years should be credited against his ten-year Kentucky sentence, instead of the 914 days he actually served and received credit for.

The trial judge did not say upon what ground or grounds he dismissed the declaratory judgment action. He could have done so on the basis that KRS 532.-080(7) requires a person convicted of persistent felony offender in the first degree to *serve* a minimum of ten (10) years before being eligible for parole; therefore, regardless of how appellant wishes to interpret the trial court's judgment on credit for time served, he was entitled only to credit for *actual time served*. The statute requires no less, and neither the courts nor the Kentucky Department of Corrections may change that. It was determined in *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980), that the classification of crimes and the length of stay in a state penitentiary is purely a matter of the prerogative of the legislature.

The judgment of the trial court is affirmed.

All concur.