977 F.2d 582
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Earl McFALL, Plaintiff-Appellant,
v.
Wallace WILKINSON; John T. Wigginton; Phillip R. Baker;
Larry R. Ball; James Grider; Helen Howard-Hughes; Lou
Karibo; Newton McCravey; Al C. Parke; Walt Chapleau;
Kathy McDaniel-Bingham; Stan Seneicki; Lt. Ron Young;
John Darst; Director, Sexual Offender Program; John C.
Runda, Defendants-Appellees.
 No. 92-5363.
 United States Court of Appeals, Sixth Circuit.
 Sept. 28, 1992.
 
 Before KEITH, DAVID A. NELSON and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Earl McFall, a pro se Kentucky prisoner, appeals the district court's order dismissing his civil rights action filed under 42 U.S.C. § 1983 and his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 A jury convicted McFall in 1979 of sodomy, robbery, burglary, and criminal facilitation. He was sentenced to 40 years imprisonment and his conviction was affirmed on appeal. McFall later petitioned for a writ of habeas corpus in Franklin County (Kentucky) Circuit Court, on the ground that his parole was unconstitutionally deferred. The circuit court denied this petition on April 2, 1990. The Kentucky Court of Appeals affirmed in an order filed July 11, 1990, and the Kentucky Supreme Court denied discretionary review.
 
 
 3
 In his federal civil rights action, McFall sued the governor of Kentucky, the Secretary of the Kentucky Corrections Cabinet, the chairman and six members of the Kentucky Parole Board, and the warden and six officers of the Kentucky State Reformatory. McFall alleged that his parole was unconstitutionally deferred when a Kentucky statute setting a new condition for parole of sex offenders was improperly applied to him. That statute provides that all eligible sex offenders must complete a sex offender treatment program before they are eligible for parole. See Ky.Rev.Stat. § 439.340(10). McFall claimed that the parole deferment violated his rights under the Eighth and Fourteenth Amendments and the Ex Post Facto Clause. McFall sought declaratory, injunctive, and monetary relief.
 
 
 4
 In his habeas petition, McFall alleged that deferment of his parole on the basis of the newly enacted statute means that he is in custody in violation of the Fourteenth Amendment and the Ex Post Facto Clause. He sought immediate release or a meaningful and fair parole hearing.
 
 
 5
 In a memorandum and order entered February 10, 1991, the district court granted the defendants' motion to dismiss McFall's civil rights action for failure to state a claim upon which relief may be granted. The court denied McFall's habeas petition for failure to allege the violation of a constitutional right.
 
 
 6
 On appeal, McFall continues to argue the merits of his claims. In addition, he argues that the district court improperly failed to refer his consolidated actions to a magistrate judge and acted with prejudice and undue haste in disposing of them. The appellees have notified the court that they will not be filing a brief.
 
 
 7
 Upon review, we find no error in what the district court did.
 
 
 8
 McFall's habeas petition was properly denied. The Kentucky Parole Board's decision to defer his parole did not violate the Due Process Clause of the Fourteenth Amendment, see Board of Pardons v. Allen, 482 U.S. 369, 373 (1987); Harrison v. Robuck, 508 S.W.2d 767, 767-68 (Ky.1974); Lynch v. Wingo, 425 S.W.2d 573, 574 (Ky.1968), and because McFall does not allege that he has been treated differently than any similarly situated prisoner, he has failed to state an equal protection violation. See McCleskey v. Kemp, Supt. Ga. Diagnostic and Class. Center, 481 U.S. 279, 292-93 (1987); Durso v. Rowe, 579 F.2d 1365, 1372 (7th Cir.1978), cert. denied, 439 U.S. 1121 (1979). The deferment of McFall's parole does not violate the Ex Post Facto Clause for the simple reason that the new statutory provision was not applied to him. See Timpani v. Sizer, 732 F.2d 1043, 1048 (2d Cir.1984).
 
 
 9
 McFall is not entitled to relief under § 1983 because, for the reasons set forth above, the deferment of his parole did not violate any provision of the Constitution or laws of the United States. See Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978).
 
 
 10
 Finally, McFall presents no facts to support his allegation that Judge Allen dismissed his action because of prejudice or with undue haste. The district court was certainly not required to assign the case to a magistrate judge for a report and recommendation.
 
 
 11
 Accordingly, we affirm the district court's order of February 10, 1992. Rule 9(b)(3), Rules of the Sixth Circuit.