RENDERED:  MAY 28, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-0969-MR

JAMES LOUIS BEVERLY JR.                                    APPELLANT


APPEAL FROM JEFFERSON CIRCUIT COURT
v.         HONORABLE MARY M. SHAW, JUDGE
ACTION NO. 13-CR-002024-001


COMMONWEALTH OF KENTUCKY                                    APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, DIXON, AND MCNEILL, JUDGES.

ACREE, JUDGE:  James Louis Beverly Jr., *pro se*, appeals the Jefferson Circuit

Court's order denying his CR[1] 60.02 motion for post-conviction relief.  After

careful consideration, we affirm.

---

[1] Kentucky Rules of Civil Procedure.

# BACKGROUND AND PROCEDURE

In 2013, Beverly committed armed robbery at a Captain D's in Jefferson County. While fleeing the scene, he intentionally rammed his vehicle into a vehicle operated by Janice Cunningham. Her vehicle was stopped at a red light and blocking his escape route. Beverly was indicted by a Jefferson County grand jury on July 25, 2013, on one count of first-degree robbery and one count of second-degree assault. Beverly subsequently pleaded guilty to first-degree robbery and second-degree wanton endangerment.[2] In exchange for his plea, Beverly received ten (10) years for first-degree robbery and 365 days for second-degree wanton endangerment, to be served concurrently. Because Beverly was classified as a violent offender, he was required to serve a minimum of 85% of his sentence before probation or parole eligibility. KRS[3] 439.3401(3)(a).

On April 5, 2019, Beverly filed a CR 60.02 motion. He alleged three grounds of relief: (1) KRS 439.3401(3)(a) is unconstitutionally vague and violates the separation of powers doctrine; (2) he was improperly classified as a violent offender; and (3) his indictment should be dismissed because the Commonwealth's Attorney knowingly elicited false testimony from an officer before the grand jury

---

[2] The second-degree assault charge was amended to second-degree wanton endangerment.

[3] Kentucky Revised Statutes.

in order to secure the indictment.  The circuit court denied the motion.  This appeal

followed.

## ANALYSIS

Our standard of review of a trial court's denial of a CR 60.02 motion

is whether the trial court abused its discretion.  *Richardson v. Brunner*, 327 S.W.2d

572, 574 (Ky. 1959).  The test for abuse of discretion is whether the trial court's

decision was "arbitrary, unreasonable, unfair, or unsupported by sound legal

principles."  *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

On appeal, Beverly again challenges the constitutionality of KRS

439.3401(3)(a) and the alleged prosecutorial misconduct during grand jury

proceedings.  Before proceeding, we note that Beverly's contentions of error are

not cognizable in his CR 60.02 motion.  It is well established that:

> A defendant who is in custody under sentence or on
> probation, parole or conditional discharge, is required to
> avail himself of RCr[4] 11.42 as to any ground of which he
> is aware, or should be aware, during the period when the
> remedy is available to him. Civil Rule 60.02 is not
> intended merely as an additional opportunity to relitigate
> the same issues which could "reasonably have been
> presented" by direct appeal or RCr 11.42 proceedings.
> RCr 11.42(3); *Gross v. Commonwealth, supra*, at 855,
> 856.  The obvious purpose of this principle is to prevent
> the relitigation of issues which either were or could have
> been litigated in a similar proceeding.

---

[4] Kentucky Rules of Criminal Procedure.

*McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997).

In other words, "[t]he language of RCr 11.42 forecloses the defendant from raising any questions under CR 60.02 which are 'issues that could reasonably have been presented' by RCr 11.42 proceedings." *Gross v. Commonwealth*, 648 S.W.2d 853, 857 (Ky. 1983).

In the instant case, Beverly pleaded guilty, waiving his right to a direct appeal. Nonetheless, his claims should have been raised via a RCr 11.42 motion. It does not appear from the record that Beverly sought such relief, nor has he presented the Court with any explanation as to why his claims could not have been brought within the timeframe allotted by RCr 11.42. Accordingly, he is not entitled to the extraordinary remedy provided by CR 60.02. Regardless of this procedural flaw, however, Beverly's claims fail on the merits.

Beverly first contends that KRS 439.3401(3)(a) is unconstitutionally vague and violates the separation of powers clause. Specifically, he asserts that KRS 439.3401(3)(a)'s requirement that violent offenders serve 85% of their term before being eligible for parole usurps the executive branch's power to grant parole, vesting it with the judiciary.[5] We disagree.

---

[5] The circuit court declined to address the merits of this argument, in part, because Beverly did not notify the Attorney General of his constitutional challenge prior to final judgment. KRS 418.075(1). Beverly did, however, notify the Attorney General prior to the circuit court's order denying his CR 60.02 motion. Regardless, "[I]t is well-settled that an appellate court may affirm a lower court for any reason supported by the record." *Kentucky Spirit Health Plan, Inc. v.*

"It was determined in *Rummel v. Estelle*, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980), that the classification of crimes and the length of stay in a state penitentiary is purely a matter of the prerogative of the legislature." *Rudolph v. Corr. Cabinet of Kentucky*, 710 S.W.2d 235, 236 (Ky. App. 1986). Accordingly, it was within the Legislature's power to set a minimum length of time that violent offenders must serve for certain crimes. Contrary to Beverly's belief, KRS 439.3401(3)(a) does not vest the judiciary with the ability to determine parole eligibility. That power remains with the parole board, which will determine, after Beverly serves 85% of his sentence, whether he should be released on parole. *See Harrison v. Robuck*, 508 S.W.2d 767, 768 (Ky. 1974). Furthermore, we see no ambiguity in the application of the statute that would render it unconstitutionally vague.

Next, Beverly argues his indictment should have been dismissed based on prosecutorial misconduct. He contends the prosecutor presented false and misleading testimony to the grand jury to secure his indictment. Specifically, he speculates that an officer falsely testified that Beverly used force, threatened to use force, and injured Cunningham, when the evidence showed otherwise.

---

*Commonwealth Fin. & Admin. Cabinet*, 462 S.W.3d 723, 729 (Ky. App. 2015) (citation omitted). And here, we affirm on the merits of Beverly's claim.

Beverly, however, cites no evidence to support his accusation.[6]  More importantly, "[a] defendant who elects to unconditionally plead guilty admits the factual accuracy of the various elements of the offenses with which he is charged." *Taylor v. Commonwealth*, 724 S.W.2d 223, 225 (Ky. App. 1986).  Here, Beverly admitted to entering Captain D's armed with a gun, threatening employees with the immediate use of force to steal money, forcing the store manager to empty the contents of the store safe, forcing the employees into a bathroom, depriving them of their cellphones, and intentionally ramming Cunningham's vehicle.  (Trial Record at 115).  Therefore, we see no possible way for Beverly to "demonstrate a flagrant abuse of the grand jury process that resulted in both actual prejudice and deprived the grand jury of autonomous and unbiased judgment." *Commonwealth v. Baker*, 11 S.W.3d 585, 588 (Ky. App. 2000).

## **CONCLUSION**

Based on the foregoing, we affirm the Jefferson Circuit Court's order denying Beverly's CR 60.02 motion for post-conviction relief.

ALL CONCUR.

---

[6] Beverly does state that Cunningham made a 911 call, in which she stated she was not injured. The Court is unaware of whether this evidence was known to the prosecutor or testifying officer at the time of the grand jury hearing.  Assuming this to be true, however, we note that Beverly's second-degree assault charge was amended down to second-degree wanton endangerment, which does not require physical injury.  KRS 508.070.

BRIEF FOR APPELLANT:

James Louis Beverly, Jr., *pro se*
Lexington, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Courtney J. Hightower
Assistant Attorney General
Frankfort, Kentucky