Carroll Gene LYNCH, Appellant,

v.

John W. WINGO, Warden, etc., Appellee.

Court of Appeals of Kentucky.

March 8, 1968.

Marshall P. Eldred, Jr., Louisville, for appellant.

John B. Breckinridge, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Frankfort, for appellee.

HILL, Judge.

This is an appeal from a judgment overruling petitioner's motion under CR 60.02 to prohibit his imprisonment after October 5, 1967, in a criminal conviction under which he was given a seven-year term in prison.

Appellant's argument is contained in an able brief by appointed counsel, who did not represent him on his trial. The brief is divided into two parts: (A) That appellant is being held under a sentence which was fully satisfied on October 5, 1967; and (B) that the time appellant "served on parole" should be counted toward his period of maximum sentence.

Appellant was sentenced on September 27, 1960, to serve seven years in prison for possession of burglary tools.

In April 1963, appellant was released on parole. Shortly thereafter he was arrested and returned to prison for parole violation. In February 1965, after a hearing it was found he was not guilty of parole violation. He was thereupon again released from prison under the first order of parole.

On April 2, 1966, appellant was again imprisoned for a parole violation, and his parole was revoked.

It is the position of appellant that he is entitled to credit for the nineteen months elapsing between the date of his first parole and the date it was reinstated after the hearing in February 1965. With this

contention appellee, through the office of the Attorney General, violently disagrees.

KRS 439.350 was in effect on the date of appellant's conviction. This statute was repealed in 1962. It provided that:

"(1) The total time served in the prison and on parole shall not exceed the period of the maximum sentence, except:

\*   \*   \*   \*   \*   \*

"(b) If a parolee is determined by the board to have violated the provisions of his parole the period of parole shall not be counted as a part of the period of the maximum sentence, if the board so determines."

There was no "determination" by the board that there was a violation of his parole in April 1963.

The question is whether appellant acquired rights under KRS 439.350 which could not be taken away by the repeal of that statute and its replacement (also in 1962) by KRS 439.344. It is provided in KRS 439.344 that:

"The period of time spent on parole shall not count as a part of the prisoner's maximum sentence except in determining parolee's eligibility for a final discharge from parole as set out in KRS 439.354."

Prior to the enactment of KRS 439.350 in 1956, the time of liberty on parole was not counted. Cf. Commonwealth v. Minor, 195 Ky. 103, 241 S.W. 856 (1922). Of course, during the life of this statute the term on parole was counted.

Appellant argues the proposition that he acquired rights under KRS 439.350 which he could not be deprived of by the enactment of KRS 439.344, for the reason that KRS 446.110 prohibits such an *ex post facto* law.

KRS 446.110 is quoted:

"No new law shall be construed to repeal a former law as to any offense committed against a former law, nor as to any act done, or penalty, forfeiture or punishment incurred, or any right accrued or claim arising under the former law, or in any way whatever to affect any such offense or act so committed or done, or any penalty, forfeiture or punishment so incurred, or any right accrued or claim arising before the new law takes effect, except that the proceedings thereafter had shall conform, so far as practicable, to the laws in force at the time of such proceedings. If any penalty, forfeiture or punishment is mitigated by any provision of the new law, such provision may, by the consent of the party affected, be applied to any judgment pronounced after the new law takes effect."

It should be noted that the statute last quoted refers to "offense committed \* \* \* any act done, or penalty, forfeiture or punishment incurred, or any right accrued or claim arising under the former law."

■ The grant of parole is not a right. It is a matter of grace or gift to persons deemed eligible for good behavior or for other reasons fixed by the parole board. Cf. Adams v. Ferguson, Ky., 386 S.W.2d 462. See also 41 Am.Jur., Prisons and Prisoners, § 44, p. 916, from which we quote: "Under the statutes which make an allowance for good conduct an act of grace, there is no question of infringement of constitutional rights by subsequent legislation restricting the granting of the favor."

■ We do not think KRS 446.110 was intended to prevent the legislature from withdrawing a pure act of grace when it was under no obligation to grant such grace in the first place.

This question was not raised in the trial court.

Furthermore, KRS 439.358 clearly makes KRS 439.344 applicable to appellant by this language:

"The provisions of granting final discharges from parole, and the release

from being again confined on the same sentence in the penitentiary following the granting of such discharge or following the restoration of the parolee's civil rights, as set out in KRS 439.342 to 439.358, shall be followed in all cases of those persons confined or paroled before, on, or committed after June 14, 1962."

The judgment is affirmed.

All concur.