Lonnie P. McCOY, Plaintiff,

v.

**CHESAPEAKE CORRECTIONAL CENTER, Defendant.**

Civ. A. No. 91–93–N.

United States District Court,
E.D. Virginia,
Norfolk Division.

April 13, 1992.

Lonnie P. McCoy, pro se.

Conrad Moss Shumadine, Willcox & Savage, Sharen Padgett Hughes, Norfolk, Va., for defendant.

## ORDER AND OPINION

DOUMAR, District Judge.

■ This case comes before the Court on defendant's motion for summary judgment. Plaintiff, proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983 to redress alleged violations of his eighth amendment right to be free from cruel and unusual punishment. Plaintiff alleges that he received inadequate medical treatment when he was imprisoned at the Chesapeake City Jail.[1] Defendant maintains that the case should be dismissed because the defendant is not within this Court's jurisdiction, or even assuming that this Court has jurisdiction, because plaintiff has failed to state a cause of action. For the following reasons, the Court finds that the Chesapeake City Jail is not a "person" under § 1983 and therefore will dismiss plaintiff's action against the Jail. The Court is well aware of the importance of construing *pro se* complaints liberally and therefore will allow plaintiff to amend his complaint to add proper defendants.

■ A cause of action under § 1983 is stated by alleging a deprivation of a right secured by the Constitution or other law of the United States by a *person* acting under color of state law. Neither "States [n]or

---

1. Plaintiff brought this action against the "Chesapeake Correctional Center." The correct name of the defendant is the "Chesapeake City Jail" and the Court will refer to the defendant by its proper name in this Order.

governmental entities that are considered arms of the state for eleventh amendment purposes" are persons under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70, 109 S.Ct. 2304, 2311, 105 L.Ed.2d 45 (1989). In contrast, a municipality or other local government unit is considered a person under § 1983. *Monell v. Dep't of Social Services of the City of New York*, 436 U.S. 658, 690, 98 S.Ct. 2018, 2035, 56 L.Ed.2d 611 (1978). Therefore, the threshold question for determining if plaintiff has a § 1983 cause of action against the Chesapeake City Jail is whether the Chesapeake City Jail is an entity of the state under the eleventh amendment. *See Howlett By and Through Howlett v. Rose*, 496 U.S. 356, 110 S.Ct. 2430, 2437, 110 L.Ed.2d 332 (1990) ("... an entity with Eleventh Amendment immunity is not a 'person' within the meaning of § 1983 ... and not subject to suit under § 1983 in either federal court or state court").

The eleventh amendment restricts the federal judicial power granted by Article III of the Constitution.[2] *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98–99, 104 S.Ct. 900, 906–907, 79 L.Ed.2d 67 (1984); *Artist v. Virginia Intern. Terminals, Inc.*, 679 F.Supp. 587, 591 (E.D.Va.1988). A state may not be sued for violating either state or federal law in federal court unless Congress specifically so provides or the state consents to the suit. *Pennhurst*, 465 U.S. at 98–100, 104 S.Ct. at 907. The eleventh amendment also bars claims against any party where the state is the real party in interest. *Id.* at 101, 104 S.Ct. at 908.

There is no definitive test for determining whether a defendant is an arm of the state for eleventh amendment purposes. *See Ranyard v. Board of Regents*, 708 F.2d 1235, 1238 (7th Cir.1983). Whether a defendant is considered a state entity depends "upon the nature of the entity created by State law." *Mt. Healthy City Board of Education v. Doyle*, 429 U.S. 274, 280, 97 S.Ct. 568, 572, 50 L.Ed.2d 471 (1977). To determine whether a defendant is a state entity, this Court has stated that the following factors should be considered:

> [W]hether and to what extent any judgment will be payable from the state treasury; [2] the extent of funding provided to the institution by the state; [3] the extent of the state's control in appointing the governing body of the institution; [4] the degree of the institution's autonomy over its operations; [5] whether the institution is separately incorporated; [6] whether it has the power to sue and be sued and to enter into contracts; [7] whether its property is immune from state taxation; and [8] whether the institution's function is governmental or proprietary.

*Artist*, 679 F.Supp. at 592, *quoting, Jacobs v. College of William and Mary*, 495 F.Supp. 183, 189 (E.D.Va.1980); *see also Foremost Guaranty Corp. v. Community Savings & Loan, Inc.*, 826 F.2d 1383, 1387 (4th Cir.1987). The Chesapeake City Jail is a local jail in Virginia. A jail is considered "local" under Virginia law if it is "owned, maintained or operated by any political subdivision or combination of political subdivision of the Commonwealth." Va.Code Ann. § 53.1–1 (1991). After reviewing the applicable state law, the Court finds that the level of state involvement in the regulation and administration of local jails in Virginia indicates that the local jails are arms of the state for Eleventh Amendment purposes and thus not "persons" under § 1983.

First, the state provides significant funding for a plan that insures employees of local jails against suits for wrongful acts that result in personal or bodily injury or property damage. Pursuant to Va.Code Ann. § 2.1–526.8:1 (1991) the Virginia De-

---

**2.** The eleventh amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

The eleventh amendment has been interpreted to also bar suits in federal courts brought against a state by one of its own citizens. *Hans v. State of Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890).

partment of General Services through its Office of Risk Management insures employees of local jails for damages resulting from legal actions against them for up to $1,000,000 for each occurrence. The Court is unaware of any statute or regulation that specifically provides funds for a suit against a local jail. However, the Division of Risk Management Plan clearly indicates to the undersigned district court judge that the State of Virginia has assumed significant financial responsibility for suits that are in reality suits against local jails. Indeed, the Court concludes that the absence of specific insurance for suits against local jails is because such jails are assumed to be arms of the state.

In addition to providing funds for suits arising out of incidents at local jails, the minimum standards for the construction, equipment, administration, and operation of local jails in Virginia are established by the State Board of Corrections ("Board of Corrections"). *See* Va.Code Ann. § 53.1–68 (1991). The Board can prohibit or limit the confinement of prisoners in any local jail which is not constructed, equipped, maintained, and operated in accordance with the minimum standards prescribed by the Board. Va.Code Ann. § 53.1–69 (1991).

The state also provides substantial financial support for local jails. The City may be reimbursed by the State for some of the cost of the construction, enlargement, or renovation of a local jail. Va.Code Ann. §§ 53.1–80 and 53.1–83 (1991).[3] The State pays for many of local jails' operating costs. Va.Code Ann. §§ 53.1–83.1 through 53.1–85 (1991).

The Board of Corrections is responsible for developing and establishing fiscal standards and goals for the operation of local jails, and for ensuring the development of long-range programs and plans for correc-

tional services provided at the local level. Va.Code Ann. § 53.1–5 (1991). The Director of the Department of Corrections has the responsibility of implementing the standards and goals of the Board of Corrections for local jails. Va.Code Ann. § 53.1–10 (1991).

Finally, employees of local jails are not typical city employees. Local jails are managed and operated by the Sheriff and his deputies. In Virginia, sheriffs are state officials, Va.Code Ann. § 15.1–40.1 (1991), whose positions are constitutionally created, Va. Const. Art. VII, § 7. Many of the sheriffs' duties pertaining to the administration of local jails are prescribed by state statute. Va.Code Ann. §§ 53.1–116 through 53.1–125 (1991). A sheriff's deputies are appointed pursuant to state law. Va.Code Ann. § 15.1–48 (1991).

In summary, the Court finds that the degree of state involvement in the administration of a local jails in Virginia mandates that local jails be considered arms of the state. Part of the cost of any judgment against an employee of local jail, such as the Chesapeake City Jail, is born by the State, local jails receive substantial funding from the State, the members of the Sheriff's office who administer the jails are State officers, and local autonomy to run the jails is sharply curtailed by State regulations. Taken as a whole, these factors indicate to the Court that local jails in Virginia are state entities under the eleventh amendment, *Artist*, 679 F.Supp. at 592, *Jacobs*, 495 F.Supp. at 189, and therefore not persons under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. at 70, 109 S.Ct. at 2311. Accordingly, plaintiff's suit against the Chesapeake City Jail is to be DISMISSED because the Jail is not a person under § 1983.

---

**3.** Va.Code Ann. § 53.1–83 provides that:
... reimbursement for each county, city or town pursuant to § 53.1–80 shall not exceed these rates:
1. Three hundred thousand dollars for any jail with a capacity of thirty-five or less beds.
2. Six hundred thousand dollars for any jail with a capacity of more than 35 beds and less than 100 beds.

3. Nine hundred thousand dollars for any jail with a capacity of 100 beds but less than 300 beds.
4. One million two hundred thousand dollars for any jail with a capacity of 300 beds or more.

In addition to the fact that the jail is not a person under § 1983, the jail itself is not an individual, a corporation, a partnership, or an unincorporated association. Therefore, it lacks the capacity to be sued as a jail. Fed.R.Civ.Pro. 17(b); *see generally Davis v. City of Portsmouth*, 579 F.Supp. 1205, 1210 (E.D.Va.1983); *Hearn v. Hudson*, 549 F.Supp. 949, 952 n. 1 (W.D.Va.1982).

The Court is well aware that it is obligated to construe *pro se* complaints liberally and will allow plaintiff to amend his complaint to name those defendants whom plaintiff believes deprived him of his constitutional rights in the incident described in plaintiff's original complaint. It appears to the Court from plaintiff's pleadings that plaintiff either wishes to sue the Sheriff of Chesapeake or doctors or employees who work at the Chesapeake City Jail for failing to provide him with adequate medical care. In order to state a cognizable claim under § 1983 for inadequate medical treatment, a prisoner must allege that the defendants were "deliberate[ly] indifferent" to his "serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104–106, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). Allegations of mere negligence are insufficient to state a cause of action. *Id.*

The plaintiff is DIRECTED to submit his amended complaint to this Court within twenty one (21) days from the date of this Order. If plaintiff fails to do so, plaintiff's complaint will be entirely dismissed.

IT IS SO ORDERED.