989 F.2d 498
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ricky ALLEN, Plaintiff-Appellant,
v.
William SEABOLD, Warden; Wayne Dunn; Caroline Angel
Murphy; Lt. Thomas Pryor; Richard Pershing;
Bobby Waller; Jack Woods; John C.
Runda, Defendants-Appellees.
 No. 92-6255.
 United States Court of Appeals, Sixth Circuit.
 March 18, 1993.
 
 Before KENNEDY, ALAN E. NORRIS and SUHRHENRICH, Circuit Judges.
 
 ORDER
 
 1
 Ricky Allen, a pro se Kentucky prisoner, appeals a district court order dismissing his civil rights action filed under 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, Allen sued the warden and five other officers of the Kentucky State Penitentiary in their individual capacity for allegedly violating his rights under the Eighth and Fourteenth Amendments. Allen alleged that he was wrongfully convicted of misconduct occurring in September 1990 and assigned to segregation in violation of his due process rights. He further alleged that he was retained in segregation and further punished with loss of good time without due process for additional allegedly false misconduct reports. Allen's placement and retention in the Administrative Control Unit (ACU) resulted from Allen's attempts to foster a personal relationship with a female staff member (defendant Murphy) after being ordered to cease contacting her and the prison Classification Committee's perception of Allen's attentions as a threat to Murphy's safety.
 
 
 3
 In a supplemental complaint, Allen named two additional defendants and alleged that the defendants conspired to destroy his possibility of parole. A second supplemental complaint alleged that defendant Waller wrongfully kept him in segregation after Murphy was transferred to another institution and that the conditions in his ACU cell constituted cruel and unusual punishment. Allen filed a motion for partial summary judgment and the defendants responded with a counter-motion for summary judgment. The district court granted the defendants' motion for summary judgment and dismissed the complaint in a memorandum opinion and order entered September 18, 1992.
 
 
 4
 On appeal, Allen continues to argue the merits of his claims. He has filed a motion for the appointment of counsel.
 
 
 5
 Upon review, we affirm the district court's order because there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 6
 The defendants are entitled to summary judgment on Allen's due process claim relating to his placement in segregation because he received all the process which he was due under the Constitution. See Hewitt v. Helms, 459 U.S. 460, 476 (1983); Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974). Moreover, the evidence relied upon by the factfinders satisfied the requirements of Superintendent, Massachusetts Corr. Institution, Walpole v. Hill, 472 U.S. 445, 455 (1985).
 
 
 7
 The district court also correctly found that Allen possesses no protected interest in parole which would warrant due process protection. A convicted prisoner has no inherent right to parole under the Constitution. See Board of Pardons v. Allen, 482 U.S. 369, 373 (1987); Greenholtz v. Inmates of Nebraska Penal and Corr. Complex, 442 U.S. 1, 7 (1979). Further, the Commonwealth of Kentucky has not created a liberty interest in parole. See Ky.Rev.Stat. § 439.340(1). Instead, Kentucky considers the grant of parole a matter of "grace or gift" to persons deemed eligible for reasons found by the Parole Board. See Lynch v. Wingo, 425 S.W.2d 573, 574 (Ky.1968). Where the parole decision is discretionary, as in Kentucky, it does not implicate the same due process considerations as are required when a prisoner has been granted conditional liberty which is then rescinded. See Van Curen v. Jago, 641 F.2d 411, 416 (6th Cir.), rev'd on other grounds, 454 U.S. 14 (1981); Harrison v. Robuck, 508 S.W.2d 767, 767-68 (Ky.1974). In any event, the record shows that the Kentucky Parole Board granted Allen a hearing after which he was given written reasons for the deferment of his parole.
 
 
 8
 Finally, the district court did not err in finding Allen's Eighth Amendment claim to be without merit. To constitute cruel and unusual punishment, conditions of confinement must amount to a deprivation of life's necessities. See Rhodes v. Chapman, 452 U.S. 337, 349 (1981); Walker v. Mintzes, 771 F.2d 920, 925 (6th Cir.1985). Of the conditions complained of, only the allegations of lack of fresh air and lack of drinking beverages (assuming, as noted by the district court, that includes water) rise to this level. These conditions were specifically denied by the defendants in their counter-motion for summary judgment and Allen presented no facts sufficient to show a genuine issue of material fact remaining as to these allegations.
 
 
 9
 Accordingly, we deny the motion for the appointment of counsel. The district court's order, entered September 18, 1992, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.