**Larry S. WILLIAMS–EL, Plaintiff,**

v.

**James DUNNING, Sheriff, Alexandria Detention Center, Richard R. Ruscak, Undersheriff, Alexandria Detention Center, Debra L. Pierson, Captain of Security, Alexandria Detention Center, Sgt. Reynolds, Watch Commander, Alexandria Detention Center, C.S. Chapman, Deputy, Alexandria Detention Center, Deputy Jacobson, Alexandria Detention Center, Defendants.**

**Civ. A. No. 2:92cv.**

United States District Court, E.D. Virginia, Norfolk Division.

March 30, 1993.

Larry S. Williams–El, pro se.

## MEMORANDUM OPINION AND ORDER

PAYNE, District Judge.

Plaintiff, an inmate at the Alexandria Detention Center in Alexandria, Virginia, filed this *pro se* action under 42 U.S.C. § 1983 seeking to redress alleged violations of his constitutional rights. From plaintiff's complaint, it appears that he was indicted by a federal grand jury in March 1992 for bank robbery. In April, plaintiff successfully moved to dismiss his court-appointed counsel and represented himself at trial. In May 1992, plaintiff was convicted as charged and was sentenced in July 1992. Plaintiff's case is apparently currently on appeal.

Plaintiff claims that he effectively was denied access to the courts in preparation for his trial because: (1) pursuant to prison rules, he was permitted to use the law library only one hour a day and had insufficient time to prepare his case; (2) the law library was otherwise inadequate; and (3) he had no access to legal assistance. Plaintiff also makes a variety of attacks on the prison's administrative and disciplinary procedures. Among other things, plaintiff claims: (1) that he was wrongly charged with a disciplinary infraction by defendant Jacobson; (2) that he was not allowed to call two of his three witnesses at his disciplinary hearing; (3) that he was denied access to the court during his ten days of administrative segregation (which occurred after his conviction); and (4) that the Prisoner Handbook is vague.

Plaintiff has sued all defendants expressly and only in their official capacities and seeks compensatory and punitive damages in the amount of $6,500,000. Further, because plaintiff contends that his limited access to the court hampered his ability to prepare a defense, he seeks release from confinement. In addition, plaintiff also has moved for attorney's fees in the amount of $500 pursuant to 42 U.S.C. § 1988.

## DISCUSSION

■ As an initial matter, the court observes that, to the extent that plaintiff seeks release from confinement as a remedy for alleged denial of access to the courts, plaintiff has mistakenly mixed a habeas corpus claim with a § 1983 claim. *Todd v. Baskerville,* 712 F.2d 70, 72 (4th Cir.1983) (challenge to fact or length of confinement states a claim for habeas corpus, not § 1983) (citing *Preiser v. Rodriquez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)). Accordingly, the court ORDERS the habeas claim SEVERED from the 42 U.S.C. § 1983 action, and DIRECTS that plaintiff's request for release from incarceration proceed as a motion under 28 U.S.C. § 2255. It is ORDERED that plaintiff file within thirty (30) days from the date of this order an original and two copies of the form for use in motions brought under 28 U.S.C. § 2255, providing all requested information. Plaintiff is further advised that failure to comply with the directions in this paragraph may result in a dismissal of the petition. Plaintiff's complaint as to the remaining contentions challenging the conditions of his confinement shall proceed under § 1983.

■ In order to state a claim under § 1983, plaintiff must allege, among other things, that the challenged conduct was committed by a "person" acting under color of state law. *See, e.g., West v. Atkins,* 487 U.S.

42, 48, 108 S.Ct. 2250, 2254, 101 L.Ed.2d 40 (1988). States and governmental entities that are considered arms of the State are immune from suit under the Eleventh Amendment and are not "persons" under § 1983. *E.g., Howlett v. Rose,* 496 U.S. 356, 365, 110 S.Ct. 2430, 2437, 110 L.Ed.2d 332 (1990); *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 70, 109 S.Ct. 2304, 2311, 105 L.Ed.2d 45 (1989). Moreover, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will,* 491 U.S. at 71, 109 S.Ct. at 2311 (citation omitted). As a result, an "official capacity" suit against a state official for monetary relief "is no different from a suit against the State itself." *Id.* at 71 & n. 10, 109 S.Ct. at 2311 & n. 10.[1] In contrast, a suit against a state official in his or her individual capacity, which seeks to impose personal liability, is not a suit against the State. *Hafer v. Melo,* — U.S. —, 112 S.Ct. 358, 362, 116 L.Ed.2d 301 (1991).

■ It is clear under Virginia law that the Alexandria Detention Center, a local jail, is an arm of the State. *McCoy v. Chesapeake Correctional Center,* 788 F.Supp. 890, 891–93 (E.D.Va.1992). Furthermore, "members of the Sheriff's office who administer the jail[ ] are State officers." *Id.* at 893. Accordingly, neither the jail, nor its officers sued in their official capacities for monetary relief, are "persons" under 1983.[2] *See, e.g., Will,* 491 U.S. at 71, 109 S.Ct. at 2311; *McCoy,* 788 F.Supp. at 893. Because plaintiff has sued these defendants in their official capacities only, they are immune from suit and are not persons under § 1983.

■ Normally, the fact that plaintiff's only named defendants are subject to immunity provides a ground for dismissal under 28

---

1. When a state official is sued in his or her official capacity for prospective injunctive relief, the state official is a "person" for purposes of § 1983 because " 'official-capacity actions for prospective relief are not treated as actions against the State.' " *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 n. 10, 109 S.Ct. 2304, 2311 n. 10, 105 L.Ed.2d 45 (1989) (quoting *Kentucky v. Graham,* 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 3106 n. 14, 87 L.Ed.2d 114 (1985)).

2. Although plaintiff states that defendant Jacobson should be removed from her job, this suggestion does not state a claim for prospective injunctive relief that this court is empowered to grant such that the official-capacity suit against Jacobson is a suit against a "person" for purposes of § 1983.

U.S.C. § 1915(d). However, where a *pro se* litigant alleges a cause of action "which may be meritorious against a person or persons unknown, [a] district court should afford him a reasonable opportunity to determine the correct person or persons against whom the claim is asserted, advise him on how to proceed and direct or permit amendment of the pleadings to bring that person or persons before the court." *Gordon v. Leeke,* 574 F.2d 1147, 1152–53 (4th Cir.), *cert. denied,* 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978).

Through a technical pleading defect, plaintiff in the present case has not sued the right "person" because he has commenced the action against defendants in their "official" as opposed to their "individual" capacities. Although plaintiff's challenges to the jail's administrative and disciplinary system and his claimed denial of access to court ultimately may not withstand a dispositive motion, the claims are not so fanciful as to be deemed factually frivolous. *See, e.g., Neitzke v. Williams,* 490 U.S. 319, 328, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989).

Accordingly, plaintiff will be permitted to amend his complaint to bring this action against the named defendants in their individual capacities. In so doing, the court DIRECTS plaintiff NOT to file a memorandum of law or any other materials. Plaintiff must ONLY file an amended complaint setting forth "a short and plain statement" of (1) the basis for the court's jurisdiction; (2) the factual claims—without citing case law or statutes—showing that plaintiff is entitled to relief against the named defendants in their individual capacities, and (3) the relief requested. *See* Fed.R.Civ.P. 8(a). Plaintiff must file this amended complaint within thirty (30) days from the date of this Memorandum Opinion and Order. Failure to comply with these terms will result in dismissal of this action.

If a succinct amended complaint is timely filed, the court will process plaintiff's request to proceed *in forma pauperis* and, assuming that plaintiff complies with any other procedural orders and pays the required filing fee, if any, the court will order defendants to respond to plaintiff's claims.

This complaint may be filed as a miscellaneous action solely for the administrative convenience of the Clerk, who is directed to send a copy of this Memorandum Opinion and Order to plaintiff.