38 F.3d 1213
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 John Pete PERDUE, Jr., Plaintiff-Appellant,
v.
B. L. PENALOSA, Physician, Portsmouth City Jail; Zabo
Correction Food Service; Portsmouth City Jail,
Defendants-Appellees.
 No. 93-6313.
 United States Court of Appeals, Fourth Circuit.
 Submitted: June 21, 1993.
Decided: October 13, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Henry C. Morgan, Jr., District Judge. (CA-93-39-2)
 John Pete Perdue, Jr., appellant pro se.
 E.D.Va.
 AFFIRMED.
 OPINION
 Before WIDENER, MURNAGHAN, and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 John Pete Perdue, Jr., appeals from the district court's order dismissing his action, under 42 U.S.C. Sec. 1983 (1988), for failure to comply with a court order. We affirm the dismissal, but on other grounds.
 
 
 2
 Perdue's complaint, stemming from a slip and fall injury sustained in the kitchen of Portsmouth City Jail ("the Jail"), alleged that Zabo Correction Food Service ("Zabo"), a private company providing food service for the Jail and apparently employing Perdue, provided issued unsafe footwear, and that Penalosa, the Jail physician, provided inadequate medical treatment for the resulting injury. Although naming the Jail as a defendant, Perdue alleged no claim for recovery against the Jail.
 
 
 3
 Finding no cognizable Sec. 1983 claim against the Jail and Zabo, the district court dismissed the case as to those parties. In an order continuing the action as to Penalosa and conditioning the filing of Perdue's suit on the payment of a filing fee, the court required Perdue to respond to two interrogatories, concerning the institutions in which he had been incarcerated during the preceding six months, within twenty days. The court cautioned Perdue that failure to comply could result in the dismissal of his case. Thirty-five days later, after receiving no answers to the interrogatories, the district court dismissed the case without prejudice.
 
 
 4
 Dismissal under Fed.R.Civ.P. 41(b) for failure to comply with a court order is reviewed under an abuse of discretion standard. Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir.1989), cert. denied, 493 U.S. 1084 (1990). Before dismissing a case for failure to comply, the district court must balance four factors: (1) the degree of the plaintiff's personal responsibility, (2) the amount of resulting prejudice suffered by the defendant, (3) the existence of a protracted history of "deliberately proceeding in a dilatory fashion," and (4) the existence of less drastic sanctions. Doyle v. Murray, 938 F.2d 33, 34 (4th Cir.1991).
 
 
 5
 The district court's failure to consider the Doyle test before dismissing Perdue's claims constituted an abuse of discretion. The only factor that weighs against Perdue is the degree of his personal responsibility for the failure to comply. Consideration of the remaining three factors reveals the impropriety of dismissal at this stage of the case. See Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir.1982) (dismissal inappropriate where only one of the four factors weighed against plaintiff).
 
 
 6
 However, dismissal is the appropriate result in this case because Perdue cannot state a cause of action against any of the Defendants under Sec. 1983. The Jail is not a "person" for purposes of Sec. 1983, and is an arm of the Commonwealth of Virginia entitled to Eleventh Amendment immunity. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); McCoy v. Chesapeake Correctional Ctr., 788 F.Supp. 890, 892-93 (E.D. Va.1992). Moreover, Perdue's failure to allege that the Jail deprived him of a right, privilege, or immunity secured by the Constitution or federal law precludes recovery under Sec. 1983. Inmates v. Owens, 561 F.2d 560, 563 (4th Cir.1977).
 
 
 7
 Zabo's alleged failure to provide adequate footwear does not rise to the level of a federal right shielded by Sec. 1983. Golden State Transit Corp. v. Los Angeles, 493 U.S. 103, 106 (1989). If Zabo indeed provided inadequate footwear, such act constituted mere negligence, which is not actionable under any possible theory of recovery for Perdue. See Wilson v. Seiter, 59 U.S.L.W. 4671, 4673 (U.S.1991); Daniels v. Williams, 474 U.S. 327, 328 (1986). Hence, Perdue has no actionable claim against Zabo.
 
 
 8
 Finally, as to Penalosa, we find that the five-hour delay in initially treating Perdue was not so unreasonable as to rise to the requisite level of "obduracy and wantonness" required for a finding of deliberate indifference to Perdue's serious medical needs. Whitley v. Albers, 475 U.S. 312, 319 (1986); cf. Loe v. Armistead, 582 F.2d 1291 (4th Cir.1978) (eleven-hour delay in seeing doctor, twenty-two hour delay in performing X-rays that doctor deemed medically necessary), cert. denied, 446 U.S. 928 (1980). Similarly, the three-day delay in performing X-rays did not rise to the level of inadequate medical treatment. Estelle v. Gamble, 429 U.S. 97, 107 (1976) (X-rays are a "matter for medical judgment," and the decision not to perform X-rays "does not represent cruel and unusual punishment.") At most, it constituted malpractice or negligent treatment, or a disagreement between Perdue and Penalosa as to appropriate treatment, claims not actionable under Sec. 1983. Id. at 105-06; Russell v. Sheffer, 528 F.2d 318 (4th Cir.1975). Finally, Perdue's failure to allege any personal responsibility by Penalosa for the nondelivery of the prescribed knee brace precludes recovery. Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir.1977).
 
 
 9
 Accordingly, pursuant to 28 U.S.C. Sec. 2106 (1988), we modify the dismissal to a dismissal with prejudice and affirm the district court's dismissal of this case. Perdue v. Penalosa, No. CA-93-39-2 (E.D. Va. Feb. 24, 1993). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED AS MODIFIED