**Jackie REFFITT, Plaintiff,**

v.

**R.C. NIXON, et al., Defendants.**

**Civil Action No. 95–569–AM.**

United States District Court,
E.D. Virginia,
Alexandria Division.

March 5, 1996.

---

Jackie Reffitt, Jarratt, Virginia, for Plaintiff.

James S. Gilmore, III, Attorney General of Virginia, Pamela A. Sargent, Assistant Attorney General, Office of the Attorney General, Richmond, Virginia, for Defendants.

### MEMORANDUM OPINION [1]

ELLIS, District Judge.

Plaintiff filed this 42 U.S.C. § 1983 action against R.C. Nixon, the Central Classification Board (CCB), the Virginia Department of Corrections (VDOC), the Kentucky Parole Board (KPB), the Virginia Parole Board (VPB), Albert F. Conway, Mr. Hudson, J. Clarke and Captain J. Givens. In response, defendants filed a Motion to Dismiss or, in the alternative, for a More Definite Statement, in which they informed plaintiff of his right to respond. Because the Court views matters outside the pleadings, defendants' motion is treated as one for summary judgment. *See* Rule 12(b), Fed.R.Civ.P. For the reasons that follow, defendants' motion is granted and this action is dismissed.

### I.

On May 2, 1994, defendants removed plaintiff from the general prison population and placed him in general detention for posses-

sion of weapons, contraband and mash. Defendants discovered these items in the cell plaintiff shares with a fellow inmate. On May 5, 1994, plaintiff was scheduled to appear before the Inmate Classification Committee (ICC). The ICC meeting did not occur, and on May 6, 1994, Warden Bass released plaintiff into the general population.

On May 10, 1994, Captain Givens informed plaintiff that he would be returned to detention status for the previous charges. He offered to release plaintiff into the general population provided plaintiff agreed to become an informant. Plaintiff declined the offer and consequently remained in detention. Plaintiff further complains that his cell mate was never charged with possession of the contraband even after the cell mate informed Sergeant Harrison that the items found in the cell were his; not plaintiff's.

On May 13, 1994, plaintiff was scheduled to appear before the ICC for a hearing on the charges. Plaintiff disputes defendants' assertions that he refused to attend the hearing, claiming instead that no one came to his cell to request his attendance.

Plaintiff was reviewed for parole while in detention. He is a Kentucky prisoner housed in Virginia pursuant to an interstate corrections compact. In accordance with Kentucky law, the KPB requested that the Virginia Parole Board send an official to interview plaintiff and then provide the KPB with a recommendation regarding plaintiff's parole request.[2] Plaintiff asserts that Virginia officials falsely informed the KPB that plaintiff was involved in gang-related assaults on other inmates and, thus, recommended that plaintiff not be granted parole. The KPB accepted this recommendation and denied plaintiff parole.

On these facts, plaintiff makes the following claims:

1. Defendants Clarke, Hudson, Nixon, Conway and VDOC deprived plaintiff of his right to research Kentucky law;

---

**1.** This Memorandum Opinion, originally issued on February 27, 1996, has been revised in minor respects for publication.

**2.** This procedure is in accordance with § 439.340(2) of the Kentucky Code which states,

in pertinent part, that "[t]he board in its discretion may request the parole board of another state confining prisoners pursuant to KRS 196.610 to interview eligible prisoners and make a parole recommendation to the board."

2. Defendants Givens, CCB and VDOC deprived plaintiff of procedural safeguards before removing him from the general prison population;

3. Defendants Givens and CCB deprived plaintiff of certain personal property;

4. The VPB and VDOC deprived plaintiff of his rights when they provided information leading to his parole denial;

. 5. Defendant KPB violated his constitutional rights by denying parole based on information provided by the VPB;

6. Defendants Nixon, Clarke, Hudson, Conway and the VDOC violated plaintiff's right when they denied plaintiff the right to file an adequate appeal to the KPB after it denied his parole; and

7. Defendants violated his equal protection rights.

## II.

■ In claims 1 and 6, plaintiff asserts that defendants have denied him access to a law library or legal assistance regarding the appeal to the Kentucky Parole Board (KPB). This claim fails because plaintiff cannot show that he suffered any injury caused by a lack of access to Kentucky law. States must provide inmates with either law libraries or assistance from persons trained in the law to prosecute both post-conviction proceedings and civil rights actions. *Bounds v. Smith,* 430 U.S. 817, 838, 97 S.Ct. 1491, 1503, 52 L.Ed.2d 72 (1977). Thus, to state a claim under § 1983, the prisoner must allege that he was denied adequate access to the courts, not to the law library. *See Walker v. Mintzes,* 771 F.2d 920 (6th Cir.1985). Moreover, the prisoner must show that denial of access to the courts resulted in some cognizable harm. *White v. White,* 886 F.2d 721 (4th Cir.1989); *Strickler v. Waters,* 989 F.2d 1375,

1383–85, n. 10 (4th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 393, 126 L.Ed.2d 341 (1993); *Harrington v. Holshouser,* 741 F.2d 66 (4th Cir.1984); *Kirby v. Blackledge,* 530 F.2d 583 (4th Cir.1976).

■ Here, plaintiff claims that he was unable to prepare proper legal documents to file an appeal with the KPB contesting the KPB's denial of his parole. The KPB's parole decision is not the result of a court action. Nor is the KPB's decision based upon legal assertions which an inmate could research. Kentucky law gives the Kentucky Parole Board unfettered discretion regarding parole decisions. The Kentucky Code states that the parole board may consider the inmate's "criminal record, his conduct, employment, and attitude in prison, and the reports of physical and mental examinations that have been made." *See* Ky.Stat. § 439.340(1). It further states that:

> A parole shall be ordered only for the best interests of society and not as an award of clemency ... A prisoner shall be placed on parole only when arrangements have been made for his proper employment or for his maintenance and care, and when the board believes he is able and willing to fulfill the obligations of a law abiding citizen.

Ky.Rev.Stat. § 439.340(2). It is clear from Kentucky law that the KPB bases its decision on facts specific to the inmate, not on legal precedent. Accordingly, plaintiff's inability to research and present legal precedent to the KPB did not interfere with his access to the courts.[3] Thus, plaintiff cannot show that he suffered any cognizable harm proximately caused by his lack of access to a law library and this claim must be dismissed.[4]

## III.

■ In claim 2, plaintiff asserts that his due process rights have been violated be-

---

**3.** Of course, plaintiff's contention in this regard would stand on significantly different footing were the record to reflect, as it does not, that denial of plaintiff's parole was grounded on some predicate legal question such as eligibility. This record reflects the contrary, namely; that plaintiff's parole denial was the product of the KPB's collective judgment that plaintiff's parole, based on all of the pertinent facts, was not in the "best interests of society." Ky.Rev.Stat. § 439.340(2).

**4.** Moreover, because parole necessarily affects the duration of an inmate's confinement, plaintiff must first pursue this claim in habeas corpus proceedings before suing for money damages. *See Heck v. Humphrey,* —— U.S. ——, ——, 114 S.Ct. 2364, 2369, 129 L.Ed.2d 383 (1994); *Preiser v. Rodriguez,* 411 U.S. 475, 499, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973).

cause defendants will not release him into the general prison population. This claim fails because plaintiff has no protected liberty interest in remaining in or being released into the general population. *See Sandin v. Conner,* —— U.S. ——, ——, 115 S.Ct. 2293, 2294, 132 L.Ed.2d 418 (1995); *accord, Whitford v. Boglino,* 63 F.3d 527, 533 (7th Cir. 1995). The Supreme Court has limited the protection afforded by the Due Process Clause to those punishments which "impose atypical and significant hardship[s] on the inmate in relation to the ordinary incidents of prison life." *Id.* —— U.S. at ——, 115 S.Ct. at 2294. *Sandin* held that the imposition of discipline by way of "segregated confinement [does] not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." *Id.* at ——, 115 S.Ct. at 2301. Rather, this type of discipline "falls within the expected parameters of the sentence imposed by a court of law." *Id.* Thus, plaintiff has no constitutionally protected liberty interest in being released into the general population. As such, he can not challenge the prison official's decision to maintain him in segregation in a § 1983 action. *See Mitchell v. Murray,* 856 F.Supp. 289 (E.D.Va.1994). Accordingly, this claim will be dismissed.

### IV.

■ In claim 3, plaintiff contends that he has been denied access to personal property he possessed when housed in the general prison population. This claim is barred in federal court because he has adequate state remedies. Section 1983 provides a remedy for violations or deprivations of rights secured by the Constitution or other laws of the United States, not ordinary state torts. *See Maine v. Thiboutot,* 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980); *Tucker v. Duncan,* 499 F.2d 963 (4th Cir.1974); *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976). It is well established that negligent or intentional deprivations of property do not state a claim of constitutional dimension when there is an adequate post-deprivation remedy. *See Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Hudson v. Palmer,* 468

U.S. 517, 533, 104 S.Ct. 3194, 3203–04, 82 L.Ed.2d 393 (1983). Virginia's common law has been found to satisfy the due process clause of the Fourteenth Amendment in the context of inmate suits for property loss. *Ausley v. Mitchell* 748 F.2d 224 (4th Cir. 1984), *cert. denied,* 474 U.S. 1100, 106 S.Ct. 879, 88 L.Ed.2d 916 (1986). Accordingly, defendants are entitled to judgment on this claim.

### V.

■ In claim 4, plaintiff alleges that the VPB and VDOC violated his constitutional rights by providing erroneous information to the KPB, which information the KPB relied on in denying parole to plaintiff. First, the Court must dismiss the VPB and VDOC from this action because they are "arms of the state" and thus entitled to immunity from § 1983 suits under the Eleventh Amendment. *Howlett v. Rose,* 496 U.S. 356, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990); *see also McCoy v. Chesapeake Correctional Center,* 788 F.Supp. 890, 891–93 (E.D.Va.1992).

■ Moreover, plaintiff may not use § 1983 to contest the information in his prison file, even where, as here, the information is used in connection with a review of his parole status. An inmate has a constitutional right to have information removed from his prison file where the information is false and relied on to a constitutionally significant degree. *Paine v. Baker,* 595 F.2d 197, 202 (4th Cir.), *cert. denied,* 444 U.S. 925, 100 S.Ct. 263, 62 L.Ed.2d 181 (1979). Here, plaintiff cannot show that allegedly erroneous information in his file is constitutionally significant because Kentucky prisoners have no protected liberty interest in being granted parole. *See* Ky.Rev.Stat. § 439.340; *see also Allen v. Seabold,* 989 F.2d 498, 1993 WL 76911 (6th Cir.1993) (unpublished) (Kentucky considers the grant of parole a matter of "grace or gift") (quoting *Lynch v. Wingo,* 425 S.W.2d 573, 574 (Ky.1968)). "Accordingly, inmates may not invoke section 1983 as a basis to attack the validity of materials considered in determining whether they should

be released on parole ..."[5] *James v. Robinson*, 863 F.Supp. 275, 277–78 (E.D.Va.), *aff'd*, 45 F.3d 426 (4th Cir.1994). Thus, judgment on this claim must be entered in favor of defendants.

## VI.

Plaintiff next claims that the Kentucky Parole Board violated his constitutional rights when it refused to grant him parole. The Court must dismiss this claim because plaintiff has not exhausted his state court remedies. As discussed *infra* n. 2, § 1983 is not the appropriate remedy to challenge a parole decision because it calls into question the fact of an inmate's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 499, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973). Such challenges fall "squarely within [the] traditional scope of habeas corpus." *Id.* at 487, 93 S.Ct. at 1835. Thus, plaintiff must exhaust his state remedies before invoking federal jurisdiction.[6] Accordingly, claim 5 will be dismissed.

## VII.

■■■■ In claim 7, plaintiff contends that defendants violated his equal protection rights by denying his parole. An equal protection claim arises when, without adequate justification, similarly situated persons are treated differently by a governmental entity. US Const. amend XIV. Even so, "[t]he Constitution does not require things which are different in fact or opinion to be treated in law as though they are the same." *Tigner v. Texas*, 310 U.S. 141, 147, 60 S.Ct. 879, 882, 84 L.Ed. 1124 (1940). And, in light of the myriad of factors involved in a parole decision, "[i]t is difficult to believe that any two prisoners could ever be considered 'similarly situated' for the purpose of judicial review of an equal protection claim." *Rowe v. Cuyler*, 534 F.Supp. 297, 301 (E.D.N.Y.), *aff'd*, 696 F.2d 985 (3rd Cir.1982). As discussed *infra*, Kentucky parole decisions are determined by an investigation into numerous factors. The KPB determines, on an individual basis and with essentially unfettered discretion, whether to grant or deny an inmate's request for parole.

Here, plaintiff has not alleged any facts to support his contention that he received disparate treatment when compared with a "similarly situated" individual. Thus, judgment must be entered in favor of the defendants on this claim.

## VIII.

Based on the foregoing, the Court finds that plaintiff's complaint is meritless and will enter judgment in favor of the defendants on all claims.

**5.** Plaintiff may challenge the information in his state prison file by using the grievance system or by instituting a civil suit pursuant to § 9–104 of the Va.Code in state court. *See* Va.Code § 9–192(C).

**6.** Moreover, the Court has no jurisdiction over the KPB or its members. If plaintiff feels the KPB violated his constitutional rights, he may pursue his claim in the appropriate federal court in the Commonwealth of Kentucky.