**Wesley Douglas SCULTHORPE,**
**Plaintiff,**

v.

**VIRGINIA RETIREMENT SYSTEM and**
**Attorney General of Virginia,**
**Defendants.**

**Civil Action No. 2:96cv1241.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Jan. 17, 1997.

Wesley Douglas Sculthorpe, Keen Mountain, VA, pro se.

## OPINION AND DISMISSAL ORDER

REBECCA BEACH SMITH, District Judge.

Plaintiff, a Virginia inmate, brings this *pro se* action pursuant to 42 U.S.C. § 1983, to redress an alleged violation of his constitutional rights. In his Complaint, plaintiff alleges that the Virginia Retirement System (VRS) wrongfully denied him disability retirement benefits, as plaintiff claims he is mentally disabled.

### I. Factual and Procedural History

Plaintiff was employed by Virginia Commonwealth's Department of Youth and Family Services for thirteen years and eight months prior to the onset of his mental disability. During his employment, plaintiff contributed bi-weekly to his retirement account, and became a vested member of VRS on February 1, 1983. While he was working for the Commonwealth, two psychiatrists, Dr. James A. Shields and Dr. A'sad Masri, diagnosed plaintiff as being "mentally incapacitated," and therefore unable to work.

In March, 1992, plaintiff applied for disability retirement benefits with VRS. At the same time, plaintiff filed for disability benefits with the Social Security Administration. Social Security approved plaintiff's request for disability benefits based on the evaluations of Dr. Shields, Dr. Masri, and the Disability Determination Board of Virginia. However, VRS denied plaintiff's application for benefits, which "forced" him to withdraw his contributions to VRS "in order to meet basic human needs." Because plaintiff was suffering from a mental disability at the time of this withdrawal, he claims he "was not of sound mind to fully realize the impact of his actions," which included the loss of his life and health insurance benefits. Plaintiff's attempts to request a redetermination of VRS's denial of benefits have gone unaddressed.

Plaintiff's *pro se* Complaint was conditionally filed on December 30, 1996. He blames his mental disability for his delay in filing. Plaintiff seeks his past VRS disability retirement benefits from March, 1992, to the present, and an injunction ordering VRS to pay him monthly benefits in the future. He also wants the court to order VRS to restore him to his "former status with respect to creditable service" and reinstate his life and health insurance benefits.

### II. Analysis

Pursuant to 28 U.S.C. § 1915A[1], the court must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cogni-

---

1. § 1915A. Screening

(a) Screening.—The court shall review before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) Grounds for Dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

(c) Definition.—As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

zable claims or dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Based upon careful consideration of the plaintiff's Complaint, the court finds that dismissal of this action is appropriate under 28 U.S.C. § 1915A(b)(1), because the Complaint fails to state a claim upon which relief can be granted.

■ In enacting § 1915A, Congress appropriated the familiar standard of review applicable to motions to dismiss for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In reviewing plaintiff's Complaint pursuant to the mandated screening process, therefore, the court applies the same standard. Under that standard, the facts alleged in plaintiff's *pro se* Complaint must be taken as true. *Loe v. Armistead,* 582 F.2d 1291, 1292 (4th Cir. 1978), *cert. denied,* 446 U.S. 928, 100 S.Ct. 1865, 64 L.Ed.2d 281 (1980). A *pro se* complaint, no matter how unartfully pleaded, must survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner,* 404 U.S. 519, 521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) (per curiam). A *pro se* complaint involving civil rights issues should be liberally construed. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir.), *cert. denied,* 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978). Dismissal may be appropriate where the complaint contains a detailed description of underlying facts which fail to state a viable claim. *Estelle v. Gamble,* 429 U.S. 97, 106–09, 97 S.Ct. 285, 292–93, 50 L.Ed.2d 251 (1976). However, where the complaint is broad, dismissal for failure to state a claim is improper. *Bolding v. Holshouser,* 575 F.2d 461 (4th Cir.), *cert. denied,* 439 U.S. 837, 99 S.Ct. 121, 58 L.Ed.2d 133 (1978). Finally, where a *pro se* complaint contains a potentially cognizable claim, plaintiff should be allowed to particularize the claim. *Coleman v. Peyton,* 340 F.2d 603, 604 (4th Cir.1965).

■ Plaintiff has clearly failed to state a claim under § 1983 with respect to both defendants. First of all, plaintiff does not allege any wrongdoing by the Attorney General in his Complaint; he merely lists the Attorney General as a defendant. Thus, plaintiff has failed to state a § 1983 claim, or any other claim, against the Attorney General of Virginia.

■ Second, plaintiff alleges that VRS wrongfully denied him disability retirement benefits in violation of § 1983. In order to be amenable to suit under § 1983, the named defendant must be a "person" acting "under color of" state law. 42 U.S.C. § 1983; *see, e.g., West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 2254, 101 L.Ed.2d 40 (1988). States and governmental entities considered arms of the state, "which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983" because "an entity with Eleventh Amendment immunity is not a 'person' within the meaning of § 1983." *Howlett By and Through Howlett v. Rose,* 496 U.S. 356, 365, 110 S.Ct. 2430, 2437, 110 L.Ed.2d 332 (1990); *see, e.g., Will v. Michigan Dep't of State Police,* 491 U.S. 58, 70–71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989); *McCoy v. Chesapeake Correctional Ctr.,* 788 F.Supp. 890, 891–92 (E.D.Va.1992). *But see Monell v. Department of Social Servs. of New York,* 436 U.S. 658, 690–91, 98 S.Ct. 2018, 2035–36, 56 L.Ed.2d 611 (1988) (*municipalities and other local governmental entities* are "persons" who can be sued directly under § 1983 for monetary, declaratory, or injunctive relief when the alleged unconstitutional action implements or executes a governmental policy or custom).

The Virginia Retirement System, formerly known as the Virginia Supplemental Retirement System, is an independent agency of the state. State law provides that it is "a body corporate and a retirement system for teachers, state employees, and employees of participating political subdivisions."[2] Va.

---

**2.** " 'Political subdivision' means any county, city, or town, any political entity, subdivision, branch, or unit of the Commonwealth, or any commis-

sion, public authority, or body corporate created by or under an act of the General Assembly specifying the powers, privileges, or authority

Code § 51.1–124.2. Accordingly, because it is an "arm of the state" entitled to immunity under the Eleventh Amendment, VRS is not a "person" amenable to suit under § 1983. *See Reffitt v. Nixon,* 917 F.Supp. 409, 413 (E.D.Va.1996) (holding that the Virginia Parole Board and the Virginia Department of Corrections are arms of the state entitled to immunity from § 1983 suits); *McCoy,* 788 F.Supp. at 891–93 (concluding that a Virginia city jail is an arm of the state). Thus, plaintiff cannot state a claim under § 1983 against either defendant.

■ Although plaintiff may be able to state a claim for wrongful denial of benefits by VRS in state court, this court does not have federal jurisdiction to hear such a claim. There is no diversity between the parties, and there is no federal question at issue, as the Employee Retirement Income Security Act of 1974 (ERISA) does not apply. ERISA preemption does "not apply to any employee benefit plan if such plan is a governmental plan." 29 U.S.C. § 1003(b)(1). According to 29 U.S.C. § 1002(32), "[t]he term 'governmental plan' means a plan established or maintained for its employees ... by the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing." As stated previously, VRS is an independent state agency that operates as a "retirement system for teachers, state employees, and employees of participating political subdivisions." Va. Code § 51.1–124.2. Thus, VRS is a "governmental plan" established or maintained for employees of the Commonwealth of Virginia, and is exempt from Title I coverage under ERISA. *See, e.g., Hightower v. Texas Hosp. Assoc.,* 65 F.3d 443, 447 (5th Cir.1995) (where county established retirement plan for hospital employees, the plan remained a "governmental plan" exempt from ERISA under Title I even after the county ceased to maintain the plan by transferring control of it to a private foundation pursuant to a lease agreement); *Rose v. Long Island R.R. Pension Plan,* 828 F.2d 910, 918–921 (2nd Cir.1987), *cert. denied,* 485 U.S. 936, 108 S.Ct. 1112, 99

capable of exercise by the commission, public authority, or body corporate." Va.Code § 51.1–

L.Ed.2d 273 (1988) (holding that a railroad retirement plan was exempt from Title I of ERISA since it was "established and maintained" by the railroad, an agency or instrumentality of the Metropolitan Transportation Authority, which in turn, was a political subdivision of the state).

### III. Conclusion

Since plaintiff has failed to state a claim upon which relief can be granted, the instant allegations in his Complaint are hereby DISMISSED. The court does not rule on plaintiff's request to proceed *in forma pauperis.*

Plaintiff is advised that Congress recently amended 28 U.S.C. § 1915 by, *inter alia,* adding 28 U.S.C. § 1915(g), which prohibits a prisoner from bringing a civil action or appealing a judgment in a civil action under § 1915 if

the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical harm.

§ 1915(g). Accordingly, the court CAUTIONS plaintiff that this action was dismissed by the court for failure to state a claim upon which relief can be granted.

Plaintiff is ADVISED that he may appeal from this Opinion and Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within thirty (30) days from the date of this Order.

The Clerk is DIRECTED to close the file and to mail a copy of this Opinion and Dismissal Order to plaintiff.

It is so ORDERED.

124.3.