45 F.3d 440
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Guillermo LAZO-HERRERA, Defendant-Appellant.
 No. 94-3235.
 United States Court of Appeals, Tenth Circuit.
 Jan. 6, 1995.
 
 Before MOORE, BARRETT, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 This is an interlocutory appeal filed under the authority of Abney v. United States, 431 U.S. 651 (1977). Relying on the Double Jeopardy Clause of the Fifth Amendment, Guillermo Lazo-Herrera, a detained excludable alien, maintains administrative punishment he received while in detention bars this prosecution for that same conduct. Because this court has already held to the contrary, we affirm the district court's denial of defendant's motion to dismiss.
 
 
 2
 After arriving in this country in 1980 as a part of the Muriel float immigration from Cuba, Mr. Lazo-Herrera was convicted in Federal Court of possession with intent to distribute marijuana in 1988. He served eight years for that offense and, upon his release, was confined by the INS in the federal penitentiary at Leavenworth as a detainee awaiting deportation.
 
 
 3
 While there, defendant allegedly assaulted several guards. As a result, he was brought before a hearing officer at USP Lewisburg and ultimately placed in administrative detention for disciplinary purposes. Thereafter, the instant indictment was returned charging defendant with one count of assault with a deadly weapon and one count of illegal possession of a metal pipe used as a weapon.
 
 
 4
 Defendant moved for dismissal of this indictment upon double jeopardy grounds. The motion was summarily denied by the district court, and this appeal followed.
 
 
 5
 Defendant maintains, in administering administrative detention for his alleged assaultive behavior, the Bureau of Prisons has punished him, and the government's subsequent effort to try him for the same behavior is constitutionally barred. Admitting administrative prison punishment ordinarily is not a bar to subsequent prosecution, defendant contends United States v. Halper, 490 U.S. 435 (1989), supports his contention. Admitting Halper only holds a criminal conviction will bar a civil sanction for the same conduct, defendant argues the reverse should also apply. Defendant cites no authority supporting that contention.[2]
 
 
 6
 It is admitted defendant's status as a detained alien is akin to that of a pretrial detainee. See 28 C.F.R. 551.101(a)(1). As such, he is subject to Bureau of Prisons' rules on inmate discipline. Id. at 551.116(a). Moreover, pretrial detainees face the same security sanctions and controls as convicted inmates. Bell v. Wolfish, 441 U.S. 520, 546-47 (1979). Thus, defendant's conduct while held for deportation could be punished as though he were a convicted felon.
 
 
 7
 We have already held the administrative punishment of a convict does not give rise to double jeopardy protection. Lucero v. Gunter, 17 F.3d 1347, 1351 (10th Cir.1994); United States v. Rising, 867 F.2d 1255, 1259 (10th Cir.1989). We are bound by those holdings. Seeing no basis for distinction of that binding principle, we AFFIRM the decision of the district court.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Defendant cites United States v. Dixon, --- U.S. ----, 113 S.Ct. 2849 (1993), but that case is inapposite because both proceedings in Dixon were criminal in nature. The Third Circuit has refused to apply Dixon in the context of prison discipline. See United States v. Newby, 11 F.3d 1143, 1145 (3d Cir.1993), cert. denied, 114 S.Ct. 1841 (1994)