**Jude A. PREVAL, Plaintiff,**

v.

**Janet RENO, et al., Defendants.**

**No. Civ.A. 99–413–AM.**

United States District Court,
E.D. Virginia,
Alexandria Division.

June 22, 1999.

---

Jude A. Preval, Farmville, VA, pro se.

Janet Reno, Attorney General of the United States, Washington, D.C., for defendants.

*MEMORANDUM OPINION*

ELLIS, District Judge.

Plaintiff, a detainee of the Immigration and Naturalization Service who is being held at Piedmont Regional Jail in Virginia, filed this *pro se* action under 42 U.S.C. § 1983 alleging that his constitutional rights have been violated. Upon review of the complaint, it does not appear that plaintiff has exhausted the administrative remedies available to him concerning the claims he raises here. This alone is sufficient to warrant dismissal pursuant to 42 U.S.C. § 1997e(a).[1] In any event, a screening of the complaint, as required by 28 U.S.C. § 1915A,[2] compels the conclusion that plaintiff's claims are frivolous and therefore the complaint must be dismissed. *See also* 42 U.S.C. § 1997e(c)(2).[3]

1. 42 U.S.C. § 1997e(a) provides:

No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

2. 28 U.S.C. § 1915A provides:

(a) Screening.—The court shall review, before docketing, if feasible, or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) Grounds for dismissal.—On review, the court shall identify potentially cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
(1) is frivolous, malicious or fails to state a claim upon which relief can be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

3. 42 U.S.C. § 1997e(c)(2) provides:

In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first

## I.

Plaintiff alleges that while detained at Piedmont Regional Jail, he has been subjected to "loud noise, constant lighting, coldness (air conditioning)," an outbreak of "scabies" and a stench within the jail. He claims these conditions violate his Eighth Amendment right to be free from cruel and unusual punishment. He further alleges that his rights were violated when he was assaulted by another prisoner. Prison officials, he alleges, failed to protect him from the assault and then provided him with inadequate medical care afterwards. Named as defendants are Janet Reno, the Attorney General of the United States, Raymond Smith, regional supervisor for the Immigration and Naturalization Service, Piedmont Regional Jail, Lewis Barlow, superintendent of PRJ, and Edward I. Gordon, chief physician at PRJ.

## II.

■ As an initial matter, plaintiff has not alleged a sufficient connection between any of the defendants and the conditions of which he complains to sustain a § 1983 action against them. In § 1983 actions, "[l]iability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir.1977). Moreover, under § 1983, plaintiff cannot hold a defendant liable for his subordinate's actions under a theory of *respondeat superior. Monell v. New York City Dept. of Social Services*, 436 U.S. 6589, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir.1984), *cert. denied*, 470 U.S. 1035, 105 S.Ct. 1413, 84 L.Ed.2d 796 (1985).

■ Plaintiff appears to have named defendants Reno and Smith solely because he is an INS detainee. He has not alleged

that either defendant was personally involved in subjecting him to the conditions he complains of at PRJ. The same is true of defendants Barlow and Gordon; both have been sued solely because of their supervisory positions, and neither is personally implicated in any of plaintiff's claims. Moreover, the Piedmont Regional Jail is not a "person," and therefore not amenable to suit under 42 U.S.C. § 1983. *See Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *McCoy v. Chesapeake Correctional Center*, 788 F.Supp. 890 (1992).

■ To be sure, in *pro se* actions, naming incorrect defendants is not generally fatal to the suit; such plaintiffs typically are given an opportunity to particularize and amend. *See Coleman v. Peyton*, 340 F.2d 603, 604 (4th Cir.1965). Yet, in this case, the claims are neither inarticulate nor fatally unspecific; rather, they are adequately clear and specific, but clearly do not rise to the level of constitutional violations under any of the circumstances alleged.[4] As such, they cannot be saved by amendment.

## III.

■ In reviewing a complaint pursuant to § 1915A, courts should dismiss prisoner complaints that are frivolous, malicious or fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). A claim is frivolous if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint states no claim upon which relief can be granted if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d

requiring the exhaustion of administrative remedies.

4. *Compare Bolding v. Holshouser*, 575 F.2d 461 (4th Cir.), *cert. denied*, 439 U.S. 837, 99

S.Ct. 121, 58 L.Ed.2d 133 (1978) (holding that broad *pro se* pleading with potentially cognizable claim should not be dismissed immediately).

59 (1984). It is through the lens of these general standards that the complaint must be examined.

## IV.

■ As with any case under § 1983, the initial step in evaluating the claims is "to identify the specific constitutional right allegedly infringed." *Albright v. Oliver,* 510 U.S. 266, 270, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994). Preval asserts that the conditions about which he complains violate his right under the Eighth Amendment to remain free of "cruel and unusual punishment." U.S. Const. amend VIII. Yet, Preval is not a convicted criminal serving out his sentence; he is an INS detainee. As such, his rights are more akin to those of a pretrial detainee than a prisoner.[5] Thus, as with a pretrial detainee, plaintiff's claims fall under the Fourteenth Amendment's due process clause, not the Eighth Amendment's prohibition of cruel and unusual punishment. *See City of Revere v. Massachusetts,* 463 U.S. 239, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983); *Bell v. Wolfish,* 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979).

■ Given this, Preval's claims must be evaluated under a standard at least as stringent as that of the Eighth Amendment. *Loe v. Armistead,* 582 F.2d 1291, 1294 (4th Cir.1978), *cert. denied,* 446 U.S. 928, 100 S.Ct. 1865, 64 L.Ed.2d 281 (1980). "While a convicted prisoner is entitled to protection only against 'cruel and unusual' punishment, a pretrial detainee, not yet found guilty of any crime, may not be subjected to punishment of any description." *Hill v. Nicodemus,* 979 F.2d 987, 991 (4th Cir.1992) (citing *City of Revere,* 463 U.S. at 244–45, 103 S.Ct. 2979). Accordingly, plaintiff's claims must be evaluated to determine if the treatment he received at PRJ can be considered "punishment." Measured against this standard, plaintiff's claims fail.

### A. Conditions of Confinement

■ Clearly, "not every inconvenience encountered during pre-trial detention amounts to 'punishment' in the constitutional sense." *Martin v. Gentile,* 849 F.2d 863, 870 (4th Cir.1988). For the conditions Preval cites to amount to punishment, they either must be imposed with an expressed intent to punish or must not be "reasonably related to a legitimate non-punitive governmental objective, in which case an intent to punish may be inferred." *Id.* In other words, "if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more,

---

**5.** Few courts have addressed the proper constitutional standard for assessing alien detainees' § 1983 claims based on conditions of confinement. *See generally Detained Aliens Challenging Conditions of Confinement and the Porous Border of the Plenary Power Doctrine,* 22 Hastings Const.L.Q. 1087 (1995). Although the Fourth Circuit has not had an opportunity to determine whether alien detainees and pretrial detainees should be treated the same for purposes of § 1983 claims, the Fifth Circuit has applied the analysis of *Bell v. Wolfish, infra,* to alien detainees. *See, e.g., Ortega v. Rowe,* 796 F.2d 765, 767 (5th Cir.1986) ("Because the detainees' imprisonment did not result from their conviction for any crimes, the eighth amendment's prohibition of cruel and unusual punishment is inapplicable."); *Lynch v. Cannatella,* 810 F.2d 1363, 1373 (5th Cir.1987). This reasoning is persuasive here. *See also United States v. Lazo-Herrera,* 45 F.3d 440, 1995 WL 4020, at *1 (10th Cir.1995) (unpublished) (stating that "defendant's status as a detained alien is akin to that of a pretrial detainee"); *Amanullah v. Nelson,* 811 F.2d 1, 15 (1st Cir.1987) (stating that "[j]ust as the disability of pretrial detention does not amount to 'punishment' in the constitutional sense, neither does the disability incident to the justifiable temporary detention of excludable aliens") (citing *Bell v. Wolfish,* 441 U.S. 520, 537–39, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979)); *Imasuen v. Moyer,* No. 91–c–5425, 1995 WL 506055 at *2–3 (N.D.Ill. Aug.23, 1995) (alien detainees' claims of constitutional rights violations properly assessed under the pretrial detainee standard of *Bell v. Wolfish*); *Justiz-Cepero v. INS,* 882 F.Supp. 1582, 1584 (D.Kan.1995) (evaluating conditions of confinement under the Due Process Clause because alien detainee was not a sentenced inmate at the time of detention, and citing pretrial detainee standard of *Bell v. Wolfish*).

amount to 'punishment.' " *Bell,* 441 U.S. at 539, 99 S.Ct. 1861. This requires an element of intent on the part of prison officials that equates to the deliberate indifference standard of Eighth Amendment claims. *Loe, supra.* And, "deliberate indifference entails something more than mere negligence [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer v. Brennan,* 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). As with an Eighth Amendment claim, "the protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials." *Davidson v. Cannon,* 474 U.S. 344, 348, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986).

 Here, the loud noise, constant light, bad odor and low room temperature plaintiff cites, while undoubtedly unpleasant, cannot be characterized as "punishment" unrelated to plaintiff's detention. Nothing in the allegations suggests any basis for inferring that these conditions are the result of an intent to punish or indeed anything other than normal conditions found in any jail. Plaintiff's claims regarding these conditions are therefore frivolous. And, as previously noted, it is clear the named defendants had no knowledge of the complained of conditions, much less culpable minds to keep plaintiff imprisoned under those conditions. In short, plaintiff's allegations raise no concerns of ill intent or deliberate indifference by any prison official at PRJ.

### B. Failure to Protect

 Plaintiff also claims that the prison staff failed to protect him from an assault by another inmate. For a claim of this nature, plaintiff must satisfy two requirements. First, "the inmate must show that he was incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Second, as with the conditions of confinement

claim, the inmate must show that prison officials acted with a " 'deliberate indifference' to inmate health and safety." *Id.* at 837, 114 S.Ct. 1970. *See also, Westmoreland v. Brown,* 883 F.Supp. 67, 73–4 (E.D.Va.1995) (applying *Farmer* standard to pretrial detainee's failure to protect claim).

 The allegations here do not and could not satisfy these requirements. Instead, they describe an essentially spontaneous altercation among inmates. Specifically, plaintiff states that on Feb. 24, 1999, he argued with an inmate over seating in front of the cell block television. Plaintiff then went back to his cell, but the inmate with whom he argued followed him and the two fought until jail officials intervened several minutes later. There is no allegation that any jail officials, much less the named defendants, were aware of the potential for the specific altercation before it took place, nor that they should have been aware of the circumstances surrounding this particular fight. Because prison officials clearly were unaware of the risk to plaintiff under the circumstances alleged, the claim fails against the named defendants, as well as any unnamed prison officials.

### C. Inadequate Medical Care

 Plaintiff's final claim is that the medical staff at PRJ failed to provide him with adequate medical treatment. In this regard, "[p]retrial detainees, like inmates under active sentence, are entitled to medical attention, and prison officials violate detainee's [sic] rights to due process when they are deliberately indifferent to serious medical needs." *Gordon v. Kidd,* 971 F.2d 1087 (4th Cir.1992) (citing *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). *See also, Martin v. Gentile,* 849 F.2d 863, 871 (4th Cir.1988) (applying *Estelle* to pretrial detainee's medical care claim).

In this case, plaintiff states that, following the fight, he initially refused to accept

medical treatment for a bump on his head and abrasions on his face. Even assuming, as is doubtful, that such injuries were sufficiently severe to qualify as a "serious medical need," plaintiff's claim nonetheless fails because he later returned to the medical department to seek treatment. While it is unclear whether, after being instructed to fill out a medical request form, plaintiff actually underwent treatment, the medical staff clearly was willing to treat plaintiff both immediately after the fight and later. Thus, the facts alleged in no way demonstrate deliberate indifference to plaintiff's serious medical need.

Plaintiff also claims he suffered unconstitutional care when his cell block had an outbreak of scabies, which are described in the complaint as small, lice-like creatures that burrow under the skin and cause intense itching. Plaintiff fails to allege that the scabies caused him permanent harm, however, and acknowledges that he was given a cream to combat the itching. Here again, plaintiff's claims fail because there is no indication of deliberate indifference to a serious medical need.[6]

### V.

For the reasons stated above, plaintiff's complaint will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and 42 U.S.C. § 1997e(c). An appropriate Order will issue.

---

**6.** Courts have typically rejected § 1983 claims based on allegations of inadequate treatment for scabies. *See, e.g., Atkinson v. Southwick,* 116 F.3d 1485 (Table), 1997 WL 342028 (9th Cir.1997) (unpublished) (upholding summary judgment of plaintiff's claim concerning three outbreaks of lice and scabies as failing to allege deliberate indifference to serious medical need); *Samuels v. Jackson,* CA No. 97-2420(MBM), 1999 WL 92617 (S.D.N.Y.1999) (unpublished) (dismissing plaintiff's claim of misdiagnosis of scabies, which resulted in permanent scars from scratching, as failing to state a claim of either a serious medical need or deliberate indifference); *Langley v. Soney,* No. C 99-0192 MJJ (PR), 1999 WL 102745 (N.D.Cal.1999) (unpublished) (dismissing complaint under 28 U.S.C. § 1915A because plaintiff, who received treatment after several doctor visits for "a seriously aggravated scabies condition," failed to state a claim of deliberate indifference); *Stoddard v. Vasquez,* No. C 94-0454 CAL, 1994 WL 478518 (N.D.Cal.1994) (unpublished) (same); *Wilson v. Cooper,* No. C 92-4768 EFL, 1993 WL 311486 (N.D.Cal.1993) (unpublished) (same); *Mosley v. Davies,* No. 90-3097-S, 1990 WL 62293 (D.Kan.1990) (same). *But see, Smith v. Sullivan,* 553 F.2d 373, 380 (5th Cir.1977) (holding that allowing prisoners with scabies and other communicable diseases to go untreated for a month or more violated standard of adequate medical care); *Mende v. Rainner,* No. C 93-4514 BAC, 1994 WL 90062 (N.D.Cal.1994) (unpublished) (opining plaintiff possibly stated a claim for inadequate medical care of his scabies, but dismissing without prejudice because he named the wrong defendants).